UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYSHEMA ROCHELLE FLOWERS,

    Plaintiff,

v.                                                Case No.  8:23-cv-1984-SPF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**    **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 413–29). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 228–45).  Plaintiff then requested an administrative hearing (Tr. 248–49).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 311–25). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 175–91).  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 192–97).  Plaintiff then timely filed a complaint with this Court, which reversed and

remanded the case for further proceedings (Tr. 198–218). On remand, the ALJ held another hearing at which Plaintiff appeared and testified (Tr. 41–81). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled, and accordingly denied Plaintiff's claims for benefits (Tr. 9–40). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.   Factual Background and the ALJ's Decision

Plaintiff, who was born in 1975, claimed disability beginning July 20, 2013 (Tr. 146). Plaintiff obtained her GED (Tr. 473). Plaintiff's past relevant work experience included work as a cosmetologist and nurse assistant (Tr. 31). Plaintiff alleged disability due to pain in the back, neck, shoulders, knees, hands, and feet; as well as bulging disc and degeneration in spine (Tr. 472).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2016 and had not engaged in substantial gainful activity since July 20, 2013, the alleged onset date (Tr. 14). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: back, depression, carpal tunnel syndrome, shoulder, ankle, obesity, and fibromyalgia (Tr. 15). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (Tr. 15–17).  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work with the following exceptions:

> can lift up to 10 pounds occasionally, stand/walk for two hours in eight-hour workday, and sit for six hours in eight-hour workday; occasionally climb ramps/stairs/ladders/ropes/scaffolds, balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to hazards; frequent gross and fine manipulation bilaterally; frequent overhead lifting; and understand, remember, and carry out and perform simple routine task and instruction, Reasoning Level of 1 or 2.

(Tr. 17).  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 19).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 31).  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a final assembler; production inspector, lens block gauger; and stone setter (Tr. 32).  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 33).

### III.   Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.   Analysis**

Plaintiff argues that the ALJ erred by failing to fully and fairly develop the record regarding job numbers estimated by the VE.  In particular, Plaintiff argues that the ALJ

5

failed to reconcile inconsistent testimony from the VE on the number of stone setter and lens block gauger jobs in the national economy because in a decision dated July 19, 2013, the same VE testified that there were 32,000 stone setter positions and 82,000 lens block gauger positions in the national economy (Tr. 140).  In this case, however, the VE testified that there were 12,000 stone setter positions and 23,000 lens block gauger positions in the national economy (Tr. 76).  While Plaintiff acknowledges that this testimony was given at different hearings and addressed different periods of time, she argues that the gross disparity of the numbers suggests that the VE's testimony is unreliable.  As such, Plaintiff argues that the ALJ should have questioned the VE as to how the job number estimates were derived.

In response, the Commissioner points out that the VE explicitly stated that she relied on the Dictionary of Occupational Titles ("DOT") and Bureau of Labor Statistics data in forming her opinion and that she was providing "current numbers" for these jobs (Tr. 76–77).  Indeed, the VE explicitly emphasized that the number of these jobs had decreased since 2013, and that she was providing the current numbers (Tr. 77–78).  As a result, there was no inconsistency for the ALJ to resolve.

In addition, at the hearing level, Plaintiff failed to object to the VE's qualifications and did not challenge the job numbers cited by the VE, the methodology used to arrive at those numbers, or the consistency of the VE's testimony with any other source.  As a result, "the uncontradicted testimony of the vocational expert provided the ALJ with substantial evidence in the record supporting the ALJ's decision." *Wooten v. Comm'r of Soc. Sec.*, 787 F. App'x 671, 675 (11th Cir. 2019); *see also Valdez v. Comm'r of Soc. Sec.*, 808 F.

App'x 1005, 1009–10 (11th Cir. 2020) (finding that the ALJ was entitled to rely on the VE's testimony about the number of jobs available in the national economy because the claimant did not object to the VE's testimony, did not question the VE's qualifications, and did not present occupational employment statistics to the ALJ).

Finally, while Plaintiff attaches evidence from other sources to purportedly establish that the ALJ's error was not harmless, this Court's review is limited to the evidence actually presented to the ALJ. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998) (when a plaintiff challenges an ALJ's decision, courts "look only to the evidence actually presented to the ALJ"); *see also Valdez*, 808 F. App'x at 1009–10 (declining to consider occupational employment statistics that were not presented to the ALJ); *Wooten*, 787 F. App'x at 675 (same). As a result, Plaintiff has failed to establish that the ALJ erred.

### V.    Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

**ORDERED** in Tampa, Florida, on September 4, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE